UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:24-cv-812-GCM

| | |
|---|---|
| MONTAVIUS ANTOINE JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| PETER S. GILCHRIST, III, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Plaintiff's Affidavit seeking to proceed in forma pauperis. [Doc. 2]. Also pending are Plaintiff's Request for Admission [Doc. 3] and proposed summonses [Doc. 4].

The pro se Plaintiff, an inmate of the State of North Carolina, filed this civil rights action pursuant to 42 U.S.C. § 1983 and state law, on alleged due process violations against District Attorney Peter S. Gilchrist III and Assistant District Attorney Jay M. Ashendorf. [Doc. 1].

Section 1915(g) of the Prison Litigation Reform Act (PLRA) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The provisions of 28 U.S.C. § 1915 are mandatory and define the degree and scope of this Court's initial review of Plaintiff's Complaint. See Crawford-El v. Britton, 523 U.S. 574, 596 (1998). Any of the enumerated types of dismissals count as a strike, "whether [the dismissals are] with prejudice or without." Lomax v. Ortiz-Marquez, 590 U.S. __, 140 S.Ct.

1721, 1723 (2020).

The Plaintiff has filed at least three prior civil actions that qualify as "strikes" under the PLRA, 28 U.S.C. § 1915(g), including:

>  Johnson v. Pendergraph, 3:00-cv-482-GCM (W.D.N.C. Nov. 30, 2020) (dismissing § 1983 action for failure to state a claim per 1915(e)(2));

>  Johnson-El v. Beck, 3:11-cv-115-RJC, 2011 WL 1155679 (W.D.N.C. March 25, 2011) (dismissing § 1983 action as time-barred, failure to state a claim 1915A(b)(1));

>  Johnson-El v. Mitchell, 3:23-cv-628-MR, 2023 WL 8845654 (W.D.N.C. Dec. 21, 2023) (dismissing § 1983 action for failure to state a claim), *reconsid. denied,* 2024 WL 693530, *aff'd* 2024 WL3220319 (4th Cir. June 28, 2024).

The Plaintiff is, therefore, subject to 28 U.S.C. § 1915(g)'s bar to filing civil actions in forma pauperis unless he can show that he is under imminent danger of serious physical injury, which he has not done. Therefore, the Order granting the Plaintiff's application to proceed in forma pauperis is vacated and the Plaintiff is directed to pay the full filing fee of $405 within 21 days of this Order. If Plaintiff fails to comply, this action will be dismissed without further notice pursuant to § 1915(g).

The Plaintiff filed his Request for Admission [Doc. 3] before the Court had entered its Pretrial Order and Case Management Plan, appears to be a premature discovery request that has been misdirected to the Court.[1] See Fed. R. Civ. P. 26(c) (as a general matter, a party must make initial disclosures at or within 14 days after the parties Rule 26(f) conference); LCvR 26.1 ("Official Court-ordered and enforceable discovery does not commence until issuance of the scheduling order."); LCvR 26.2 ("The parties shall not file any initial disclosures, designations of expert witnesses and their reports, discovery requests or responses thereto, deposition transcripts, or other discovery material unless: (1) directed to do so by the Court; (2) such materials are

---

[1] The Motion does not seek leave to engage in early discovery or contain any justification for such a request.

necessary for use in an in-court proceeding; or (3) such materials are filed in support of, or in opposition to, a motion or petition."). The Motion will, therefore, be denied. The Plaintiff is instructed to familiarize himself with the Federal Rules of Civil Procedure, this Court's Local Rules, and the Court's Order of Instructions, and to comply with the same. [See Sept. 9, 2024 Text Entry (Order of Instructions)].

The proposed summonses [Doc. 4] are premature, as the Complaint has not yet passed initial review. They are, therefore, dismissed at this time.

**IT IS, THEREFORE, ORDERED** that:

1. The Plaintiff's Application to Proceed in District Court Without Prepaying Fees and Costs [Doc. 2] is **DENIED**.

2. The Plaintiff is directed to pay the full filing fee of $405 within **twenty-one (21) days** of this Order. Should the Plaintiff fail to comply, this matter will be dismissed without further notice pursuant to 28 U.S.C. § 1915(g).

3. The Plaintiff's Request for Admission [Doc. 3] and proposed summonses [Doc. 4] are **DENIED**.

**IT IS SO ORDERED**.

Signed: December 23, 2024

Graham C. Mullen
United States District Judge